IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY V. PINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-08-198-F |
| v. | ) |
| | ) |
| FRANK PORTER, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner[1] appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Before the undersigned is Plaintiff's "Motion for Joinder of Actions" filed April 3, 2008, in which Plaintiff seeks leave to join this action with a pending 42 U.S.C. § 1983 action filed by Plaintiff in this Court, Pinson v. Whetsel, et al., Case No. CIV-07-572-F.

In Plaintiff's Complaint filed February 25, 2008, Plaintiff alleges violations of his First, Fifth, Eighth, and Fourteenth Amendment rights stemming from his detention in the

---

[1] Plaintiff is serving a 60-month term of imprisonment for his conviction entered following a jury trial in this Court in United States v. Pinson, Case No. CR-06-114-R, for mailing a threat to kill the President of the United States. Plaintiff is serving consecutive 60-month and 120-month terms of imprisonment for his convictions entered in this Court in United States v. Pinson, Case No. CF-07-023-R, pursuant to guilty pleas for (count one of superseding information) making a false, fictitious, and fraudulent statement to a Deputy United States Marshal and (count two of superseding information) mailing a threatening communication to the Chief Judge of this Court.

Oklahoma County Detention Center ("OCDC") at the direction of the United States Marshals Service between December 2006 and May 2007. As background for his action, Plaintiff alleges that during his OCDC detention he was mainly housed in two administrative segregation units, that OCDC officer Porter verbally harassed Plaintiff and denied Plaintiff "priviliges" [sic] based on Plaintiff's sexual orientation, that Plaintiff wrote grievances and letters concerning Porter's conduct, that jail officials took no action in response to these grievances and letters, and that in retaliation Porter continued to verbally harass Plaintiff and filed a false disciplinary report against Plaintiff, which resulted in Plaintiff's loss of privileges and confinement in disciplinary conditions. In ground one, Plaintiff alleges a First Amendment violation. He contends he was "subjected to harrassment [sic] and disciplinary action which resulted in the loss of priviliges [sic] and continued confinement under disciplinary conditions" in retaliation for filing grievances and letters concerning "sexual harrassment [sic]" by Defendant Porter. In ground two, Plaintiff alleges violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff asserts he was not allowed to call witnesses or present documentary evidence during a disciplinary hearing, he was denied "basic due process and unbiased review" during the disciplinary proceeding, and the disciplinary report "was a fabrication" of Defendant Porter. In ground three, Plaintiff alleges an Eighth Amendment violation. Plaintiff asserts he was "routinely harrassed [sic] and denied priviliges [sic]" by Defendant Porter "on the basis of Plaintiff's sexual orientation." Plaintiff further contends that Defendants Shaw, Howland, and Carson knew of the harassment but "did nothing" to stop the harassment. As a result of Defendant Porter's

actions, Plaintiff asserts he was "mentally and emotionally traumatized" and that Defendants Shaw, Howland, and Carson were deliberately indifferent to "a pervasive environment of sexual harrassment [sic] and discrimination within the jail." Plaintiff states in the Complaint that he has "raised the issues presented in this suit" in another lawsuit pending in this Court, Pinson v. Whetsel, Case No. CIV-07-752-F. Plaintiff seeks compensatory and punitive damages for the alleged constitutional deprivations.[2]

In Plaintiff's other civil rights action pending in this Court, Case No. CIV-07-572-F, Plaintiff named six OCDC officials as Defendants in his Complaint, including OCDC officials Carson and Howland, and he has sought and been granted leave to add eight additional OCDC officials as Defendants in that action. In Plaintiff's claims in Case No. CIV-07-572-F, Plaintiff asserts Eighth Amendment claims challenging the conditions of his confinement at OCDC between June 2006 and May 2007, and he asserts Fifth and Fourteenth Amendment claims challenging the procedures employed in disciplinary proceedings conducted at the jail. He has not named OCDC official Porter as a Defendant in Case No. CIV-07-572-F, nor has he included in his Complaint filed in that action the allegations he has included herein of harassment and loss of privileges based on his sexual orientation and retaliation by Defendant Porter or the failure of Defendants Shaw, Howland, and Carson to stop the harassment and retaliation.

Because Plaintiff has previously alleged the same or similar procedural due process

---

[2]Plaintiff also alleges that he has exhausted available administrative remedies.

claim he asserts herein in ground two concerning a disciplinary proceeding conducted at OCDC, this claim should be dismissed because it is duplicative.

To the extent Plaintiff seeks the joinder of his remaining claims in the Complaint with the Plaintiff's pending action, CIV-07-752-F, Plaintiff's Motion for Joinder should be denied. Plaintiff could have moved to amend his cause of action filed in CIV-07-752-F in order to raise the remaining constitutional claims asserted in the instant action, but he has not done so.[3] Rather, Plaintiff chose to file two 42 U.S.C. § 1983 actions in this Court. In the instant action, Plaintiff alleges different facts and grounds for relief (except for the duplicative procedural due process claim in ground two of the Complaint filed herein) based on those facts from those raised in his earlier § 1983 action. Thus, Plaintiff has not shown that joinder of the two actions is necessary for a just resolution of his claims.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's claim in ground two of the Complaint of procedural due process deprivations in a disciplinary proceeding conducted at OCDC (based on a misconduct report filed by Defendant Porter) be dismissed with prejudice as it is duplicative of the claim urged in Plaintiff's previously-filed, pending § 1983 action in this Court. It is further recommended that Plaintiff's Motion for Joinder of Actions (Doc. # 10) be denied to the extent the Motion seeks the joinder of Plaintiff's

---

[3] Although Plaintiff moved to amend his pending action in Case No. CIV-07-572-F, Plaintiff's motion asserted only that amendment of the Complaint was necessary because he had learned that additional OCDC officials were "partially responsible and fully involved in the constitutional deprivations" alleged in his Complaint filed in that action.

remaining claims in the Complaint. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___ May 14th ___, 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __29th__ day of __April__, 2008.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE